IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LUCINDA COUNCIL, RAVYNNE GILMORE, VERNA MAITLAND, and HILARI NGUFOR, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br> - against -<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED and BANK OF AMERICA CORPORATION,<br><br>       Defendants. | Case No. 3:24-cv-534<br><br>**Class Action and Demand for Jury Trial** |

**CLASS ACTION COMPLAINT**

Plaintiffs Lucinda Council, Ravynne Gilmore, Verna Maitland, and Hilari Ngufor (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Shavitz Law Group, P.A., and Outten & Golden LLP, upon personal knowledge as to themselves and upon information and belief as to other matters allege as follows:

**NATURE OF THE ACTION**

1. This is a class action brought by former employees of Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") and Bank of America Corporation (collectively "Defendants"), alleging violations of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981 as amended ("Section 1981").

2. This case alleges that African-Americans employed by Defendants as Financial Advisors ("FAs"), Financial Advisor Development Program Trainees ("FADP") (formerly known as Practice Management Development Trainees ("PMDs")), and/or Financial Solutions Advisors ("FSAs") (collectively, "financial advisors") have received less compensation and have been promoted less frequently than their White counterparts as a result of Defendants' discriminatory policies, patterns, and/or practices, including Defendants' minimum threshold production credit requirements, lack of support, and inequitable teaming opportunities.

3. This case further alleges that African-Americans financial advisors are terminated (or "wash out") from employment with Defendants at higher rates than their White counterparts and fail to advance to more senior roles, as a result of Defendants' discriminatory policies, patterns, and/or practices, including Defendants' minimum threshold production credit requirements, lack of support, and inequitable teaming opportunities.

4. The violations of African-American employees' rights are systemic and are based upon company-wide policies and practices.

5. These company-wide policies and practices, while facially neutral, have had an adverse impact on the compensation, promotion, and terms and conditions of employment of African-American financial advisors as compared to their White counterparts.

6. Defendants have also engaged in a company-wide and systematic policy, pattern, and/or practice of discrimination against African-American financial advisors.

7. Plaintiffs bring this action in order to end Defendants' discriminatory policies, patterns, and/or practices and to make themselves, and similarly situated current and former financial advisors, whole.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction, pursuant to 28 U.S.C § 1331.

9. Defendants are subject to personal jurisdiction in this District because Defendants are corporations doing business in the State of Florida, and this suit arises out of and is related to Defendants' contacts with the State of Florida.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events of omissions giving

rise to the claims occurred in this District, and Defendants conduct business in this District.

11. Any and all other prerequisites to the filing of this suit have been met.

## THE PARTIES

12. Plaintiff Lucinda Council is an African-American woman who lives in New Jersey. Council was employed by Defendants from approximately March 2018 to September 2019 in Paramus, New Jersey.

13. Plaintiff Ravynne Gilmore is an African-American woman who lives in Michigan. Gilmore was employed by Defendants from approximately October 2017 to January 2020 in Troy, Michigan and Warren, Michigan.

14. Plaintiff Verna Maitland is an African-American woman who lives in New York. Maitland was employed by Defendants from approximately July 2017 to approximately December 2018 in Garden City, New York.

15. Plaintiff Hilari Ngufor is an African-American man who lives in Michigan. Ngufor was employed by Defendants from approximately June 2016 to approximately December 2019 in Farmington Hills, Michigan, and Bloomfield Hills, Michigan.

16. Defendant Merrill Lynch is a full-service securities firm headquartered in New York, New York and doing business nationwide and within the State of Florida.

17. Defendant Bank of America Corporation is a Delaware corporation that does business nationwide and substantial business within the State of Florida.

## FACTUAL ALLEGATIONS

18. Defendants maintain uniform employment, compensation, and promotion policies throughout the United States.

19. Defendants' offices throughout the country use a common organizational structure for financial services employees.

20. Defendants' nationwide pattern and practice of discrimination against African-Americans includes but is not limited to the following practices:

    (a) employing policies and practices that disproportionately disadvantage African-American financial advisors and/or that reinforce and continue the effects of discrimination, including but not limited to policies and practices regarding leads, account distributions, and teaming;

    (b) excluding African-American financial advisors from opportunities to increase their compensation, including but not limited to refusing to include African-Americans on teams;

 (c) denying African-American financial advisors the opportunity to receive valuable account distributions and leads;

 (d) denying African-Americans opportunities to increase production-based earnings;

 (e) adopting and implementing policies and practices that have a disparate impact on African-Americans; and

 (f) performance managing African-Americans due to diminished performance and/or production that was lower than it would have been but for the disparate impact Defendants' policies had on African-Americans.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring the First and Second Claims for Relief pursuant to Federal Rule of Civil Procedure 23 seeking damages, injunctive, and declaratory relief on behalf of a Class of all African American financial advisors employed by Defendants in the United States at any time from October 9, 2016, through the resolution of this action (the "Class"). Plaintiffs reserve the right to amend the definition of the Class based on discovery or legal developments.

22. Plaintiffs are members of the Class they seek to represent.

23. The members of the Class identified herein are so numerous that joinder of all members is impracticable. As of the date of this filing, Defendants employ or have employed more than one thousand African-American financial advisors nationwide. Although Plaintiffs do not know the precise number of the members of the putative Class, the number is far greater than can be feasibly addressed through joinder.

24. There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

    (a)    whether Defendants' policies or practices discriminate against African-American financial advisors;

    (b)    whether Defendants' policies and practices violate Title VII and Section 1981; and

    (c)    whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the Class are warranted.

25. Plaintiffs' claims are typical of the claims of the Class they seek to represent.

26. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole. The Class Members are entitled to injunctive relief to end Defendants' common, uniform, unfair, and discriminatory policies and practices.

28. Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Defendants' common, uniform, unfair, and discriminatory policies and practices. Defendants have computerized account data, payroll data, and personnel data that will make the calculation of damages for specific Class Members relatively simple. The propriety and amount of punitive damages are based on Defendants' conduct, making these issues common to the Class.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Intentional Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e** *et seq.*
**and 42 U.S.C. § 1981**
**(On Behalf of All Plaintiffs and the Class)**

29. Plaintiffs incorporate the preceding paragraphs as alleged above.

30. This Claim is brought by Plaintiffs on behalf of themselves and the Class they represent.

31. Defendants have engaged in a company-wide, and systematic policy, pattern, and/or practice of discrimination against its African-American

financial advisors. Defendants have intentionally discriminated against Plaintiffs and the Class in violation of Title VII and Section 1981 by denying Plaintiffs and Class Members promotions, compensation, and business opportunities, and terminating Plaintiffs and Class Members at higher rates, because of their race.

32. The discriminatory acts that constitute Defendants' pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

33. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiffs and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

34. The foregoing conduct constitutes illegal discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

35. Plaintiffs request relief as hereinafter described.

## SECOND CLAIM FOR RELIEF

**Disparate Impact Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On Behalf of All Plaintiffs and the Class)**

36. Plaintiffs incorporate the preceding paragraphs as alleged above.

37. This Claim is brought by all Plaintiffs on behalf of themselves and the Class they represent.

38. Defendants' reliance on illegitimate and unvalidated systems and criteria to distribute business opportunities, set compensation, make termination decisions, select individuals for promotion, and determine other terms and conditions of employment have an adverse impact on African-American financial advisors in violation of Title VII and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

39. Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

40. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiffs and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

41. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on African-Americans in violation of 42 U.S.C. §§ 2000e *et seq.*

42. Plaintiffs request relief as hereinafter described.

## ALLEGATIONS REGARDING RELIEF

43. Plaintiffs and the Class they seek to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief they seek in this action is the only means of securing complete and adequate relief. Plaintiffs and the Class they seek to represent are now suffering, and will continue to suffer, irreparable injury from Defendants' discriminatory acts and omissions.

44. Defendants' actions have caused and continue to cause Plaintiffs and Class Members substantial losses in earnings and other employment benefits.

45. In addition, Plaintiffs and Class Members suffer and continue to suffer emotional distress.

46. Defendants performed the acts herein alleged with malice or reckless indifference. Plaintiffs and Class Members are thus entitled to recover punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiffs and the Class pray for relief as follows:

   (a) Certification of the case as a class action on behalf of the proposed Class;

   (b) Designation of Plaintiffs Lucinda Council, Ravynne Gilmore, Verna Maitland, and Hilari Ngufor as representatives of the Class they seek to represent;

   (c) Designation of Plaintiffs' Counsel of record as Class Counsel;

(d)     A declaratory judgment that the practices complained of herein are unlawful and violate Title VII and Section 1981;

(e)     A preliminary and permanent injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiffs or the Class because of their race or participation in this lawsuit;

(f)     An order that Defendants institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of race, and that they eradicate the effects of their past and present unlawful employment practices;

(g)     An order requiring Defendants to develop and institute accurate and validated standards for evaluating performance, assigning opportunities, and determining compensation;

(h)     An order retaining jurisdiction over this action to ensure that Defendants comply with such a decree;

(i)     An order restoring Plaintiffs and Class Members to their rightful positions at Defendants, or in lieu of reinstatements, an order for front pay benefits;

(j)     Back pay (including interest and benefits) for the Plaintiffs and Class Members;

(k)     All damages sustained as a result of Defendants' conduct, including damages for emotional distress according to proof;

(l)     Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

(m)     Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(n)     Pre-judgment and post-judgment interest, as provided by law; and

 (o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

48. Plaintiffs demand a trial by jury in this action.

Dated: May 24, 2024
  Boca Raton, FL     Respectfully submitted,

*[signature]*

_____

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz (Florida Bar No. 11398)
Paolo Meireles (Florida Bar No. 91551)
951 Yamato Rd. Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888

Adam T. Klein*
Chauniqua D. Young*
OUTTEN & GOLDEN LLP
685 Third Avenue, Floor 25
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

*Attorneys for Plaintiffs and the Putative Class*

**Pro hac vice* application forthcoming