United States District Court
Middle District of Florida
Jacksonville Division

**LUCINDA COUNCIL, ET AL.,**

        **Plaintiffs,**

v.                                                                          NO. 3:24-CV-534-WWB-LLL

**MERRILL LYNCH, PIERCE, FENNER &**
**SMITH INCORPORATED, ET AL.,**

        **Defendants.**

### Order Requiring Additional Briefing

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support, doc. 2, and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs and Memorandum in Support, doc. 10. The motions have been referred to me for the issuance of a report and recommendation regarding appropriate resolution. Upon review, the Court requires additional briefing on several issues before issuing a recommendation.

First, on November 1, 2024, the Court issued an Order (Prior Order), doc. 21, requiring additional briefing by the parties in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support. On November 22, 2024, the parties filed their response to the Prior Order. doc. 22. In the response, the parties stated that:

> On July 2, 2021, Plaintiff Gilmore filed a class-action lawsuit, on behalf of herself and similarly situated African-American Financial Advisors,

against Merrill in the Eastern District of Michigan. *See Gilmore, et al. v. Merrill Lynch, Pierce, Fenner & Smith*, Case No. 21 Civ. 11553, ECF No. 1 (E.D. Mich. July 2, 2021) ("Gilmore Complaint"). On August 3, 2021, Plaintiff Gilmore requested a right to sue letter from the EEOC. On September 13, 2021, Plaintiff Gilmore received the right to sue letter. Plaintiff Gilmore's earlier filing of the class-action complaint on July 2, 2021, satisfied Title VII's requirement that a lawsuit must be filed within 90 days of receipt of a right to sue letter.

*Id.* at 4.

Based on the above, the parties contend that filing a class-action lawsuit *prior* to receiving the right to sue letter satisfies Title VII's requirement that a lawsuit must be filed within 90 days of receipt of a right to sue letter. The parties, however, fail to cite authority in support of their argument. Thus, the Court directs the parties to explain more thoroughly their position regarding administrative exhaustion, including any authority they rely upon for their reading of the requirement.

Next, to proceed with certification of a class in a class-action lawsuit the named plaintiffs must have standing to represent the claims of the proposed class. *Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1288 (11th Cir. 2001) ("[J]ust as a plaintiff cannot pursue an individual claim unless he has standing, a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent."). Here, the parties propose two groups of class members in their settlement agreement: class members "who worked as an FA [Financial Advisor] during the Class Period" and class members "who worked as an FSA [Financial Solutions Advisor] or PMD/FADP [Practice Management Development Trainee/Financial Advisor Development Program Trainee] during the Class

2

Period[,]" *see* doc. 2-2 at § 4.3(B). The settlement proposes 50% of the net settlement fund being allocated to each of the two groups. *Id.* Upon review of the Complaint, it is unclear whether the four named plaintiffs' job positions during the Class Period fell within one of the two groups, e.g. all named plaintiffs are either categorized as FAs or FSAs, or whether they were a mix of both groups. *See, e.g.*, doc. 1 at ¶¶ 12-15. Thus, the Court directs the parties to clarify to which group each named plaintiff belongs. If all four named plaintiffs' job positions fall under only one of the two groups, then the parties are directed to address, with appropriate authority, how the named plaintiffs have standing to represent class members within the other group.

Third, in a motion for preliminary approval of class action settlement, named plaintiffs must adhere to Fed. R. Civ. P. R. 23(a)(4). *See, e.g., Parker v. Universal Pictures*, No. 6:16-cv-1193-Orl-41DCI, 2019 WL 1521708, at *5 (M.D. Fla. Feb. 28, 2019), *report and recommendation adopted*, 2019 WL 1518958 (M.D. Fla. Apr. 8, 2019). "Rule 23(a)(4) requires that the representative parties [ ] fairly and adequately protect the interests of the class, [thus] [t]here are two separate inquiries under this section" including "whether there are any substantial conflicts of interest between the named representatives of the class and the class members[.]" *Northrup v. Innovative Health Insurance Partners, LLC*, 329 F.R.D. 443, 453 (M.D. Fla. 2019) (internal citation omitted). "This requirement serves to uncover any conflicts of interest that named parties may have with the class they represent." *Id.* In plaintiffs' motion, they claim that "[t]he Named Plaintiffs have agreed to resolve their individual, non-class claims for separate consideration, and have agreed to provide a broader general release of

claims for matters that are outside the scope of this Settlement. … If requested by this Court, the Parties will provide a separate submission under seal describing the terms of the resolution of Named Plaintiffs' individual, non-class claims." doc. 2 at 7 & n.3. Out of an abundance of caution, and due to the need to determine whether plaintiffs are indeed adequate class representatives, the Court directs the parties to file, under seal, on or before January 13, 2025, individual settlement agreements (or other appropriate documents) detailing plaintiffs' proposed resolution of individual claims with defendants.

Finally, in support of their motion, doc. 10, plaintiffs filed an exhibit concerning the work completed to date by plaintiffs' counsel. *See* doc. 10-2. The exhibit, however, is a general chart stating only the total number of hours billed, rather than a detailed timesheet of the work completed. *Id.* Courts in this Circuit have taken issue with such limited disclosures, finding a review of timesheets critical to determining whether the work billed was necessary for the completion of the respective tasks. *See Commodores Entertainment Corp. v. McClary*, No. 6:14-cv-1335-RBD-GJK, 2021 WL 2403996, at **4, 6 (M.D. Fla. Mar. 9, 2021) ("CEC does not submit any timesheets listing the tasks performed on this matter …. Without a description of the tasks performed or the timekeepers' qualifications, CEC fails to present evidence upon which the Court may fairly determine the amount of attorney's fees."); *WHM LLC v. National Ass'n of Certified Home Inspectors*, No. 6:08-cv-864-Orl-22DAB, 2008 WL 5147367, at *3 (M.D. Fla. Dec. 8, 2008) ("The timesheets reflect substantial redundancy such as numerous inter-office 'conferences,' and other duplicate efforts that are not chargeable to one's

adversary. In essence, the firms billed for performing the task, billed for supervising the performance of the task, and then billed for reporting to each other the performance of the task. In the context of this case, such triple tasking is overkill."); *Country Inns & Suites by Carlson, Inc. v. Interstate Properties, LLC*, No. 6:07-cv-104-Orl-28DAB, 2009 WL 189946, at *3 (M.D. Fla. Jan. 23, 2009) ("The timesheets reflect substantial redundancy (numerous 'conferences' among the various counsel) and other duplicate efforts …").

Upon review of the filing, the Court determines that a *detailed* timesheet of the work completed by plaintiffs' counsel, is necessary to determine the appropriateness of the total hours billed, such as, for example, 480 hours being billed for "Preliminary Approval." doc. 10-2 at 2; *Gonzalez v. Rainforest Café, Inc.*, No. 6:16-cv-2011-Orl-22DCI, 2018 WL 3635110, at *6 (M.D. Fla. Apr. 4, 2018) ("[T]he Court has concern about the block-billed entries (particularly those at the outset of the case when Mr. Florin was certainly working on both the EEOC claim and this case) …"); *Ferrate Treatment Technologies, LLC, v. Ciampi*, No. 6:06-cv-1565-Orl-28KRS, 2007 WL 1128962 at *3 (M.D. Fla. Apr. 16, 2007) ("Attorneys should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. When they include multiple tasks in a single time entry, often referred to as 'block billing,' it is difficult for the Court to determine what work was performed on particular issues.") (internal quotations marks and citation omitted); *compare with Frangione v. Comm'r of Soc. Sec.*, No. 6:20-cv-1298-GJK, 2021 WL 956956, at *1 (M.D. Fla. Dec. 20, 2021) ("Plaintiff attaches detailed timesheets to the Motion. … The Court finds that the

5

hourly rates and time expended are reasonable."). Accordingly, the Court directs plaintiffs to file, on or before January 13, 2025, a detailed timesheet, demonstrating the work done by plaintiffs' counsel.

It is **ordered**:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support, doc. 2, and Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Costs and Memorandum in Support, doc. 10, remain **under advisement**.

2. **On or before January 13, 2025**, the parties shall submit a joint briefing addressing the issues outlined in this Order.

3. **On or before January 13, 2025**, plaintiffs shall submit a detailed timesheet of the work completed by plaintiffs' counsel, as described in this Order.

4. **On or before January 13, 2025**, the parties shall submit, under seal, the settlement agreement between the parties concerning the named plaintiffs' individual claims.

**Ordered** in Jacksonville, Florida, on December 30, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

6

c:
Adam T. Klein, Esquire
Chauniqua D. Young, Esquire
Courtney J. Hinkle, Esquire
Paolo C. Meireles, Esquire
Gregg I. Shavitz, Esquire
Samuel Scott Shaulson, Esquire
Joseph Magrisso, Esquire
Michael S. Burkhardt, Esquire