# **Exhibit 8**

Case 2:10-cv-01413-PKC-AKT   Document 202   Filed 12/27/13   Page 1 of 12 PageID #: 9868

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDY CALIBUSO, *et al.*,<br><br>   Plaintiffs,<br><br>   -against-<br><br>BANK OF AMERICA CORPORATION, *et al.*,<br><br>   Defendants. | 10-CV-1413 (PKC) |

**ORDER GRANTING FINAL APPROVAL OF (I) CLASS ACTION SETTLEMENT AND (II) REQUEST FOR ATTORNEYS' FEES AND COSTS, SERVICE AWARDS FOR NAMED PLAINTIFFS, AND INDIVIDUAL NAMED PLAINTIFFS' SETTLEMENT FUND; AND FINAL JUDGMENT**

THIS MATTER came before the Court on December 20, 2013, for final approval of the proposed class action settlement (the "Settlement") and on a request by Plaintiffs for attorneys' fees, litigation expenses, class representative service payments, and an amount for the release of certain Named Plaintiffs' individual, non-class claims.  The Court has considered all papers filed and proceedings in this matter and held a hearing on December 20, 2013, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed Settlement.  Based on the papers filed with the Court and presentations made to the Court at the hearing, it is hereby ORDERED as follows:

1.      The definitions and provisions of the Settlement Agreement are hereby incorporated as though fully set forth herein.  For purposes of this Order, all capitalized terms used hereafter shall have the meaning ascribed to them in the Settlement Agreement, unless otherwise noted.

2.      The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all the parties to the Settlement Agreement, including Settlement Class

Members and Defendants Bank of America Corp., Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively, "Bank of America").

## I.    Certification of the Settlement Class and Subclasses

3.      On October 15, 2013 the Court preliminarily certified the Settlement Classes and Subclasses under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). Docket No. 178, at 5.  The Court now grants final certification, as the requirements pursuant to FRCP 23 have been met.  As detailed below, the Court certifies, under FRCP 23(b)(2) and 23(b)(3), the following Settlement Classes and Subclasses, previously set forth and defined in the Court's Preliminary Approval Order:

    a.    For purposes of the programmatic and monetary relief provided in the Settlement Agreement, nationwide classes certified under FRCP 23(b)(2) and 23(b)(3) and comprised of all women employed as Financial Advisors or Financial Advisor trainees (*i.e.*, in the Pathways of Achievement, Paths of Achievement Program or Practice Management Development or predecessor programs who passed the Series 7 exam and received a production number) in the United States, Puerto Rico, or the U.S. Territories: (1) by Banc of America Investment Services, Inc. from March 16, 2006 through and including the date that entity ceased to exist and thereafter, if applicable, by U.S. Wealth Management within MLPF&S through September 15, 2013, and (2) by U.S. Wealth Management within MLPF&S from August 2, 2007 through September 15, 2013;

    b.    For purposes of the relief provided in the Settlement Agreement with respect to the federal EPA claim, a nationwide collective action certified under § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and comprised of all women employed as Financial Advisors or Financial Advisor trainees in the United States, Puerto Rico, or the U.S. Territories: (1) by Banc of America Investment Services, Inc. from March 16, 2006 through and including the date that entity ceased to exist and thereafter, if applicable, by U.S. Wealth Management within

> MLPF&S through September 15, 2013, and (2) by U.S. Wealth Management within MLPF&S from August 2, 2007 through September 15, 2013 (all of the individuals who did not opt out are deemed to have opted into this Subclass);
>
> c. For purposes of the programmatic and monetary relief provided in the Settlement Agreement, subclasses certified under FRCP 23(b)(2) and 23(b)(3) and consisting of all female Financial Advisors and Financial Advisor trainees employed by Banc of America Investment Services, Inc. in New York from November 10, 2004 through the date that entity ceased to exist and thereafter, if applicable, by U.S. Wealth Management within MLPF&S through September 15, 2013;
>
> d. For purposes of the programmatic and monetary relief provided in the Settlement Agreement, subclasses certified under FRCP 23(b)(2) and 23(b)(3) and consisting of all female Financial Advisors and Financial Advisor trainees employed by Banc of America Investment Services, Inc. in Florida from January 10, 2006 through the date that entity ceased to exist and thereafter, if applicable, by U.S. Wealth Management within MLPF&S through September 15, 2013;
>
> e. For purposes of the programmatic and monetary relief provided in the Settlement Agreement, subclasses certified under FRCP 23(b)(2) and 23(b)(3) and consisting of all female Financial Advisors and Financial Advisor trainees employed by U.S. Wealth Management within MLPF&S in Missouri from January 1, 2007 through September 15, 2013;
>
> f. For purposes of the programmatic and monetary relief provided in the Settlement Agreement, subclasses certified under FRCP 23(b)(2) and 23(b)(3) and consisting of all female Financial Advisors and Financial Advisor trainees employed by U.S. Wealth Management within MLPF&S in New Jersey from January 1, 2007 through September 15, 2013.

*Id*. at 2-4. Furthermore, the Settlement Class and Subclasses for purposes of FRCP 23(b)(2) programmatic relief includes Settlement Class Members who have elected to exclude themselves from the monetary relief portion of the Settlement Agreement.

4.      The Court finds that Named Plaintiffs are adequate representatives of the Settlement Classes and Subclasses.

**II.      The Settlement Is Fair, Reasonable, and Adequate.**

5.      FRCP 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e).

6.      The Court hereby finally approves the Settlement, subject to the amendments set forth in this Order, which have been agreed to by the parties and which, as provided *infra* at Part IV, will be incorporated into the final Settlement Agreement.  The Court has reviewed the terms of the proposed Settlement Agreement along with its exhibits, including specifically the programmatic relief provisions and the plan of allocation for the Settlement Fund, Plaintiffs' Motion for Final Approval, and written objections filed by objecting Settlement Class Members. Based on a review of those papers and the Court's familiarity with the case, the Court concludes that the Settlement, as amended pursuant to Part IV herein, is, in all respects, fair, reasonable, and adequate.

7.      The Court has considered the objections to the Settlement that were not withdrawn, and overrules all such objections on the bases that:  (i) for settlement purposes, FRCP 23(a)(2)-(4) are satisfied; (ii) the programmatic relief is fair, reasonable, and adequate; and (iii) the monetary relief and the plan of allocation are fair, reasonable, and adequate. The Court finds that the Notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects.  The Notice provided adequate notice of these proceedings and the Settlement Agreement to all parties entitled to such notice. The distribution of the Notice fully met the requirements of FRCP 23, and satisfied the requirements of constitutional due process and any other applicable law.

8.      On September 13, 2013, consistent with the Class Action Fairness Act ("CAFA"), appropriate CAFA notices were mailed to each appropriate Federal and State official, as required by 28 U.S.C. § 1715.  No objections were received from any Federal or State officials.

9.      The Settlement is hereby approved and incorporated herein and shall become effective according to its terms, subject to the amendments set forth in this Order, which have been agreed to by the parties and which, as provided *infra* at Part IV, will be incorporated into the final Settlement Agreement.

## III.     Release and Dismissal of Claims with Prejudice

10.      As set forth in Section V.A of the Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, all Settlement Class Members who do not properly and timely opt-out of this Settlement will be deemed opted-in as collective action Settlement Class Members under the above-referenced federal Equal Pay Act, in addition to being Settlement Class Members under the federal and state discrimination laws invoked in the Third Amended Complaint pursuant to FRCP 23, and will fully release and be deemed to have released and fully and finally resolved, waived and discharged, for themselves and their heirs, executors, administrators, dependents, successors and assigns (the "Class Member Releasors"), all claims, demands, causes of action, and liabilities, known and unknown, that they had, have, or may have at any time up through the date of Preliminary Approval of this Settlement Agreement (that is, through October 15, 2013), under any legal or equitable theory, whether contractual, common-law, or statutory, and whether under federal, state, or local law, against Defendants and any and all of their current and former parent corporations, subsidiaries, divisions, affiliates, employee benefit and/or pension plans or funds (including qualified and non-qualified plans or funds), successors and assigns, as well as current and former officers,

Case 3:24-cv-00534-WWB-LLL Document 202-9 Filed 11/20/25 Page 7 of 13 PageID
1032
Case 2:10-cv-01413-PKC-AKT Document 49-9 Filed 12/27/13 Page 6 of 11 PageID #: 973

directors, agents, shareholders, trustees, administrators, insurers, fiduciaries, predecessors, attorneys, representatives, employees, successors and/or assigns of the foregoing entities (whether acting as agents for the Companies or in their individual capacities) (collectively, the "Defendant Releasees"), arising from or relating to or concerning the claims and facts alleged in this Action (and the underlying EEOC charges), any claims or facts raised or that could have been raised in this Action, the Complaint and any prior version of the Complaint filed in this Action including, without limitation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; the federal Equal Pay Act ("EPA"), 29 U.S.C. § 206; the New York Equal Pay Act, the N.Y. Labor Law § 194, *et seq.*; the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 296, *et seq.*; the Florida Civil Rights Act of 1992, F.S.A. § 760.01, *et seq.*; the Missouri Human Rights Act, RSMo. § 213.010, *et seq.*; and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* ("Released Claims"). Released Claims shall not include any individual, non-class claims that Class Member Releasors may have for sexual harassment (as defined in 29 C.F.R. § 1604.11(a)) or retaliation, or individual or class claims for race discrimination such as those brought by the certified class in *McReynolds v. Merrill Lynch*, Case No. 05-C-6583, currently pending in the U.S. District Court for the Northern District of Illinois (Eastern Division). Settlement Class Members who fail to timely opt-out (including their heirs, administrators, representatives, executors, successors, and assigns) expressly waive any and all provisions, rights and benefits conferred under or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

11. As set forth in Section V.B of the Settlement Agreement, Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans, and Mary DeSalvatore are settling their individual claims in addition to their Class claims and providing a broader general release of claims as set forth in their individual agreements. Their individual release agreements have been filed under seal and shall become effective at the Effective Date; otherwise, if the Effective Date of this Settlement Agreement is not reached, Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore's Releases will become null and void. By no later than five days after the Effective Date, Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore shall execute any documents necessary to effectuate withdrawal of any actions that were pending against Defendant Releasees on the date Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore sign their respective individual release agreements.

12. Defendants have entered into a mutual release in exchange for the general release and withdrawal of claims being provided by Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore, as set forth in Section V.C of the Settlement Agreement. Defendants will release Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore from any claims that were pending against them as of the date Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore sign their individual release agreements and, no later than five days after the Effective Date and, simultaneous with Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore's withdrawal of any pending actions against Defendants, Defendants will dismiss any actions that were pending

against Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore on the date Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans and Mary DeSalvatore sign their individual release agreements. Defendants' obligations under this provision will become effective on the Effective Date of the Settlement Agreement; otherwise, if the Effective Date of this Settlement Agreement is not reached, Defendants' obligations will become null and void.

## IV.       Amendments to the Settlement Agreement

13.     Section III.B. of the Settlement Agreement is amended to read as follows:

> The programmatic relief embodied in this Settlement Agreement and the agreements and other documents incorporated in it shall remain binding on the parties and their agents for a period of three (3) years, beginning February 1, 2014.

14.     Section IX.B of the Settlement Agreement is amended to substitute Harold Goldstein as the Independent Consultant.  Kathleen Lundquist will be the Independent Monitor.

15.     Section IX.C.3 of the Settlement Agreement is amended to read as follows:

> 3.       Account Distribution Policy ("ADP")
>
> Defendants agree to maintain a gender neutral Account Distribution Policy ("ADP") under which accounts from departing FAs are transferred to other eligible FAs based on objective metrics that comply with the law and the company's EEO policies. Any ADP shall also include team vesting schedules and team maturation rules with respect to FAs who are on teams.  Nothing herein shall preclude Defendants from amending or changing the ADP for business purposes including, without limitation, to ranking and eligibility criteria, or that otherwise may be required by law or court order.
>
> Defendants agree, for the 3-year period, to continue their quarterly reviews of account redistributions and to provide the results to the Independent Settlement Monitor, including quarterly reports/results of quarterly reviews. Defendants will provide a quarterly memo to field

8

Case 3:24-cv-00534-WWB-LLL Document 49-9 Filed 11/20/25 Page 10 of 13 PageID
Case 2:10-cv-01413-PKC-AKT Document 202 Filed 12/27/13 Page 9 of 11 PageID #:9876
1035

management to highlight any policy enhancements or changes. Defendants will require written explanations for exceptions to be entered into a drop-down list of exceptions maintained in the current or successor system for tracking.

Defendants will require Merrill Lynch U.S. Wealth Management managers to review and ensure that accounts subject to distribution through the ADP are properly householded pursuant to applicable policy prior to the distribution of any of the accounts to Financial Advisors or Financial Advisor Trainees through the ADP. Management shall maintain documentation sufficient to confirm and reviews have been performed.

16.     These amendments shall be incorporated into the final Settlement Agreement, which will be fully executed and filed by the parties within ten (10) days of this Order.

**V.      Attorneys' Fees and Costs, Service Awards for Named Plaintiffs, and Individual Named Plaintiffs' Settlement Fund**

17.     The Court finds Plaintiffs' request for attorneys' fees and costs to be reasonable, and awards fees in the amount of $11,467,500 and costs in the amount of $1,162,018.64 to Class Counsel, the law firms of Lieff Cabraser Heimann & Bernstein, LLP and Outten & Golden LLP.

18.     The Court approves service awards of (i) $35,000 each for Named Plaintiffs Judy Calibuso, Julie Moss, Dianne Goedtel, Jean Evans, and Mary DeSalvatore, and (ii) $7,500 to Named Plaintiff Kathleen Wing.

19.     The Court approves as reasonable the amount of $775,000 to be allocated to the Individual Named Plaintiffs' Settlement Fund, for the purpose of resolving all individual, non-class claims of Named Plaintiffs Julie Moss, Dianne Goedtel, Jean Evans, and Mary DeSalvatore.

## VI. <u>Dismissal of this Action</u>

20. Without affecting the finality of this Order and Final Judgment, the Court retains continuing jurisdiction over: (i) implementation of the Settlement Agreement and distribution of the settlement relief contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (ii) all parties to this action and Settlement Class Members for the purpose of enforcing and administering the Settlement Agreement.

21. The Court hereby dismisses this action with prejudice as to all Settlement Class Members. All claims released pursuant to the Settlement Agreement are dismissed with prejudice as to all Settlement Class Members other than the individuals listed in Exhibit A, attached hereto, which sets forth the names of those individuals who have timely and properly excluded themselves from the monetary portion of the Settlement Class.

22. This Order and the Settlement Agreement are binding on all Settlement Class Members, other than the individuals listed in Exhibit A to this Order. Neither the Settlement Agreement nor this Order nor the fact of a settlement are an admission or concession by Defendants or any of them of any liability or wrongdoing whatsoever, or a finding by this Court as to the merits of any claim or defense asserted or that could have been asserted in this Action.

23. This Order shall constitute a judgment for purposes of FRCP 58.

24. In the event that the Settlement Agreement does not become effective in accordance with its terms, then this Order and Final Judgment shall be vacated, the Settlement Class shall be decertified and the Settlement Agreement and all orders entered in connection therewith shall become null and void and of no further force and effect.

The Court shall, at a later date, issue a separate Memorandum further explaining its findings and reasoning regarding final approval of the Settlement.

SO ORDERED:


/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: December 27, 2013
Brooklyn, New York

## EXHIBIT A

## List of Opt-Outs

| NAME | | |
|---|---|---|
| 1. Adams, Shelley | 16. Heckman, Julie | 31. Mullin, Mary |
| 2. Astle, Joanne | 17. Heckman, Wendy | 32. Nguyen, Nancy |
| 3. Bentz, Sharon | 18. Hernandez, Maria | 33. Nickels, Shannon |
| 4. Bowden, Carrie | 19. Hudson, Sara | 34. Palombo, Susan |
| 5. Conway, Helene | 20. Karns, Maria | 35. Pearson, Lauren |
| 6. Cornette, Cindy | 21. Ketchum, Susan | 36. Posey, Julie |
| 7. Craane, Janine | 22. Kirby, Margaret | 37. Reich, Robin |
| 8. Craane, Valery | 23. Kuo, Julia | 38. Rosfelder, Kathleen |
| 9. Cuddy Al-Gailani, Sarah | 24. Larsen, Katherine | 39. Schwartz, Fern |
| 10. De Marco, Edythe M. | 25. Liberatos, Irene | 40. Sillerud, Nora Anderson |
| 11. Dinsmore, Susan | 26. Loy, Rhonda | 41. Spilly-Shahinian, Karen |
| 12. Eastom, Rebecca | 27. Lueken, Laura | 42. True, Rebecca |
| 13. Gleason, Barbara | 28. Manasco, Dawn | 43. Wharton, Catherine |
| 14. Golden, Leslie | 29. Miller, Elizabeth | 44. Wise, Pamela |
| 15. Grimm, Donna McKenzie | 30. Mitchell, Kimberly | |